IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ELISA CASTRO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:21-CV-00355 |
| | § | |
| CENTENE CORPORATION, | § | |
| | § | |
| *Defendant*. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1332, Defendant Centene Corporation ("Defendant"), files this Notice of Removal of the above-entitled action from the County Court at Law No. 4, Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division. As shown herein, removal of this case to federal court is proper based on diversity jurisdiction.

## I.
## BACKGROUND

1. Plaintiff has filed an employment discrimination and retaliation lawsuit. On August 17, 2021, Plaintiff Elissa Castro ("Plaintiff") initiated this action, captioned *Elisa Castro v. Centene Corporation*, against Defendant, her alleged former employer, in the County Court at Law No. 4, Hidalgo County, Texas, by filing Plaintiff's Original Petition ("Plaintiff's Petition").[1] The state court designated Plaintiff's action as Cause No. CL-21-2867-D.

2. In accordance with Local Rule 81 and 28 U.S.C. § 1446(a), a docket sheet and true and correct copies of all process, pleadings, and orders related to the state court proceeding are attached hereto as EXHIBIT A and incorporated herein by reference.

---

[1] Defendant notes that Plaintiff's first name is misspelled in the case style. On information and belief, Plaintiff's first name is spelled "Elissa" and not "Elisa."

1

3. On August 23, 2021, Plaintiff served Defendant with Plaintiff's Petition by certified mail through Defendant's registered agent for service of process. *See* Declaration of Tricia Dinkelman in Support of Removal at ¶ 2, attached as EXHIBIT B. Defendant subsequently and timely filed Defendant's Answer and Affirmative and Other Defenses to Plaintiff's Petition on September 10, 2021. *See* EXHIBIT A.

4. In Plaintiff's Petition, Plaintiff alleges that she experienced age and disability discrimination and retaliation for complaining about discrimination during her employment with Defendant in violation of Chapter 21 of the Texas Labor Code. *See* Pl.'s Pet. at ¶¶ 6.1-7.3, attached at EXHIBIT A.

## II.
## DIVERSITY JURISDICTION

5. This Court has subject matter jurisdiction based on diversity jurisdiction. *See* 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) the dispute is between citizens of different states. *Id.* § 1332(a)(1). As shown below, both of these requirements are met in this case.

**A.**     **The Amount in Controversy Exceeds $75,000.**

6. The face of Plaintiff's Petition establishes that Plaintiff's damages exceed $75,000, exclusive of interest and costs, thus satisfying the requirement of 28 U.S.C. § 1332. *See, e.g.*, *White v. FCI USA, Inc.*, 319 F.3d 672, 674-75 (5th Cir. 2003) ("The test is whether it is more likely than not that the claim will exceed [$75,000].").

7. Specifically, Plaintiff states in her Petition that she was earning $53,560.00 annually "plus fringe benefits" when she was terminated from her position on June 1, 2020. Pl.'s Pet. at ¶ 6.1, attached at EXHIBIT A. Plaintiff alleges that her "loss of earnings and loss of

earning capacity **will continue long into the future**" and that she "sues for any lost earnings in the form of back pay, lost wages, front pay, retirement benefits, fringe benefits, lost future earnings and/or diminished earning capacity to the extent permitted by law." *Id*. at ¶ 8.2 (emphasis added). *See also id.* at ¶ 8.3 ("Plaintiff will continue to suffer such mental anguish, emotional distress, loss of enjoyment of life, inconvenience, pain and suffering, and other hedonic damages **for a long time into the future, if not for the balance of her natural life**.") (emphasis added).

8. As of the date of filing this Notice of Removal, Plaintiff has been separated from her employment for approximately 15 months, which amounts to approximately $66,950 in back pay. This amount will only increase with time. For instance, should this case proceed to trial 12 months from now, Plaintiff will have accrued approximately 27 months of back pay, or $120,510. Thus, the amount in controversy requirement of $75,000 is unquestionably satisfied solely by Plaintiff's request for back pay without even contemplating Plaintiff's claims for other damages, which include, but are not limited to, front pay, compensatory damages, punitive damages, and attorneys' fees.

9. Although Defendant has demonstrated that the amount in controversy requirement is satisfied by Plaintiff's request for past lost wages, Plaintiff's additional request for attorneys' fees should also be included in the determination of the amount in controversy. The Fifth Circuit has specifically held that where, as here, attorneys' fees are recoverable under statutory authority, attorneys' fees should also be included in determining the amount in controversy for removal purposes. *H & D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000). Thus, because Plaintiff also seeks attorneys' fees pursuant to Chapter 21 of the Texas Labor Code and such fees are recoverable by a prevailing party under the statute, these

fees are rightfully included in the amount in controversy. *See* Pl.'s Pet. at ¶¶ 9.1-9.3, attached as EXHIBIT A; s*ee also* TEX. LABOR CODE ANN. § 21.259 (providing that a plaintiff who prevails may recover reasonable attorneys' fees and reasonable expert fees).

10. Defendant altogether denies Plaintiff's allegations and denies that Plaintiff is entitled to the damages she seeks in her Petition, but it is evident that the amount in controversy, exclusive of interest and costs, far exceeds the threshold sum of $75,000. *See* 28 U.S.C. § 1332(a). In sum, based on Plaintiff's alleged annual salary, her allegations of economic damages in the form of lost earning capacity "long into the future," Plaintiff's claimed mental anguish, her request for statutorily-recoverable attorneys' fees to a prevailing party, and pursuit of mental anguish and punitive damages, Plaintiff has alleged damages that exceed $75,000, and the amount-in-controversy requirement is met. *See* 28 U.S.C. § 1332(a).

**B.     Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.**

11. The second requirement for removal is also established because there was complete diversity of citizenship between Plaintiff and Defendant at the time of filing of Plaintiff's Petition and at the time of removal.

12. Plaintiff alleges in her Petition that she is an individual residing in Hidalgo County, Texas. *See* Pl.'s Pet. at ¶ 2.1, attached at EXHIBIT A.

13. An individual is a citizen of the state in which he or she is domiciled. Accordingly, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.

14. At the time of filing of Plaintiff's Petition and at the time of removal, Defendant was and is a citizen of states other than Texas. Specifically, Defendant is a corporation organized under the laws of Delaware and has its principal place of business in Missouri. *See* EXHIBIT B at ¶ 3; *see also* 28 U.S.C. §§1332(a)(1), (c)(1), 1441(b).) Specifically, the majority of

Defendant's corporate functions, including human resources, marketing, and executive management occur in Missouri. *See* EXHIBIT B at ¶ 4. As such, Defendant's executive and administrative functions critical to its day-to-day operations are conducted in Missouri. *Id*. Additionally, the majority of Defendant's senior officers and directors, who are responsible for developing strategy for its operations, work and are based in Missouri. *Id*.

15. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it is incorporated and of any state where it has its principal place of business. In *Hertz Corp. v. Friend*, the United States Supreme Court adopted the "nerve center" test for determining corporate citizenship in diversity jurisdiction cases. 559 U.S. 77, 80-81 (2010). The Court determined that a corporation's "principal place of business" is the "place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92-93; *see also Metroplexcore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 971 (5th Cir. 2014) (following *Hertz* for "principal place of business").

16. Thus, Defendant is a citizen of Delaware and Missouri for diversity purposes. It is not a citizen of Texas because it is neither incorporated in Texas, nor is its principal place of business located in Texas. *See id.*

17. In sum, Plaintiff is a citizen of Texas and Defendant is not. Complete diversity of citizenship exists between Plaintiff and Defendant.

### III.
### PROCEDURAL PREREQUISITES

18. Venue is proper as this is the Court assigned to the district and division in which the action is pending in state court. *See* 28 U.S.C. § 124(b)(2). Defendant is filing this Notice of Removal within 30 days of being served with citation and a copy of Plaintiff's Petition from

which it was first ascertainable that the case was removable to federal court. Therefore, removal to this Court is both proper and timely under 28 U.S.C. § 1446(b).

19. As required by 28 U.S.C. § 1446(d), a Notice to the State Court of Filing of Notice of Removal, together with a copy of this Notice of Removal, is being promptly filed in the County Court at Law No. 4, Hidalgo County, Texas and served on Plaintiff. A true and correct copy of the Notice to State Court of Filing Notice of Removal (without exhibits), filed with the County Court at Law No. 4, Hidalgo County, Texas, is attached hereto as EXHIBIT C.

20. Pursuant to Local Rule 81.6, an Index of Matters Being Filed and list of counsel of record and parties represented is attached hereto as EXHIBIT D.

21. By removing this action, Defendant does not waive any defenses, objections, or motions available to it under state or federal law.

## IV.
## CONCLUSION

Accordingly, because there is complete diversity and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has jurisdiction under 28 U.S.C. § 1332. Defendant requests that the County Court at Law No. 4, Hidalgo County, Texas proceed no further with Cause No. CL-21-2867-D and that *Elisa Castro v. Centene Corporation* be removed to the United States District Court for the Southern District of Texas, McAllen Division.

Respectfully submitted,

/s/ Danielle K. Herring
**Danielle K. Herring (Attorney-in- Charge)**
State Bar No. 24041281
Fed. Id. No. 36896
dherring@littler.com
**LITTLER MENDELSON, P.C.**
1301 McKinney Street
Suite 1900
Houston, Texas 77010
Telephone No.: 713-951-9400
Facsimile No.: 713-951-9212

*Of Counsel:*

Elizabeth L. Bolt
State Bar No. 24059470
Fed. Id. No. 1034909
ebolt@littler.com
**LITTLER MENDELSON, P.C.**
1301 McKinney Street
Suite 1900
Houston, Texas 77010
Telephone No.: 713-951-9400
Facsimile No.: 713-951-9212

**ATTORNEYS FOR DEFENDANT CENTENE CORPORATION**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was forwarded to counsel *via* certified mail, return receipt requested on this 22nd day of September, 2021 to:

Carlos E. Hernandez, Jr.
THE LAW OFFICE OF JOSE G. GONZALEZ
4129 N. 22nd Street, Suite 3
McAllen, Texas 78504

ATTORNEY FOR PLAINTIFF

*Sent Via Certified Mail, Return Receipt Requested No. 9314 7699 0430 0086 8503 50*

/s/ Danielle K. Herring
Danielle K. Herring

4813-0315-9800.2 / 108840-1057