IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ELISSA CASTRO | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:21-CV-00355 |
| | § | (Jury Requested) |
| CENTENE COMPANY OF TEXAS, L.P, | § | |
| *Defendant.* | § | |

# PLAINTIFF ELISSA CASTRO'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE HINOJOSA:**

**COMES NOW, ELISSA CASTRO,** (hereinafter referred to as Plaintiff) complaining of the Centene Company of Texas, L.P, hereinafter referred to as Defendant or the Defendant employer), and for such causes of action, would respectfully show unto the Court and the Jury, as follows:

I.
**Parties**

2.1   Plaintiff, ELISSA CASTRO, is an individual residing in Hidalgo County, Texas.

2.2 Defendant, CENTENE COMPANY OF TEXAS, L.P, is a limited partnership duly licensed to conduct business in the State of Texas and has been served with service of process by serving its attorneys of record via electronic filing as follows:

> Danielle K. Herring
> Elizabeth L. Bolt
> Littler Mendelson, P.C.
> 1301 McKinney Street
> Suite 1900
> Houston, Texas 77010

## II.
## Venue and Jurisdiction

2.1 This Court has jurisdiction to hear the merits of Plaintiff Elissa Castro's claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff Elissa Castro's claims arising under the Texas Commission on Human Rights Act ("TCHRA") under 28 U.S.C. § 1367.

2.2 Venue is proper in this district and division under 42 U.S.C. § 2000e-5(f)(3)) and 28 U.S.C. § 1391(b)(1) because the incidents that gave rise to the claims in this case occurred in the Southern District of Texas-McAllen Division.

## III.
## No Federal Claims Made

3.1 Plaintiff hereby gives notice that the only causes of action she intends to litigate are those concerning rights afforded to her under the Texas Constitution, the Texas Commission on Human Rights Act ("TCHRA"), the Texas Workforce Commission – Civil Rights Division ("TWC-CRD"), and the Common Law of the Sovereign State of Texas.

## IV.
## Administrative Remedies

4.1 Within 180 days of the occurrence of the acts complained of, Plaintiff filed her initial complaint with the Texas Workforce Commission – Civil Rights Division formerly known as the Texas Commission on Human Rights that the Defendant employer had committed unlawful employment practices against the Plaintiff in violation of the Texas Commission on Human Rights Act.

4.2 The formal charges were filed in McAllen, Texas and the "Notice of the Right to File

Civil Action Letter" known as the "Right to Sue" letter was received in McAllen, Hidalgo County as follows:

| | |
|---|---|
| Formal Complaint Filed: | October 12th, 2020 |
| TWC-CRD Notice of Right to File a Civil Action Letter Received: | June 18th, 2021 |

4.3 On June 18th, 2021, Plaintiff received from the Texas Workforce Commission – Civil Rights Division, Plaintiff's Dismissal and Notice of Rights letter in Hidalgo County, Texas which allows the Plaintiff to file this lawsuit within sixty days of its receipt.

4.4 Plaintiff's statutory claims have been properly filed. A copy of the right to sue notice is attached to this pleading as Exhibit "A" and is incorporated by reference for all purposes.

4.5 Plaintiff further invokes the relation back theory as well as any and all equitable doctrines necessary to satisfy the administrative requirements set forth by law. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

V.

**Factual Background**

5.1     Plaintiff accepted employment with the Defendant in or around November 2016. During her 5 years of employment with the Defendant employer as a Service Coordinator, the Plaintiff performed all the duties assigned to her with loyalty, dedication, and hard work. Plaintiff was last employed with the Defendant Centene Company of Texas, L.P as a Service Coordinator in McAllen, Hidalgo County, Texas having been terminated from her position on June 1, 2020. At the time of her termination, Plaintiff was earning $53,560.00 annually plus fringe benefits.

5.2 Plaintiff was made to endure to a hostile environment by Plaintiff's employer. When Plaintiff required medical care because of her disability (herniated disc, hypertension, and diabetes), she

informed her immediate supervisor. Plaintiff's supervisor, Maria G. Cavazos, was dismayed at Plaintiff's need to take the day off. Ms. Cavazos was provided with proper documentation of Plaintiff's medical appointment. Ms. Cavazos continuously harassed Plaintiff Elissa Castro by repeatedly reviewing Plaintiff's work, accusing her of documentation inconsistencies and marginalizing Plaintiff by stating she was not a nurse, and the job was not right for her. On November 21, 2019, Plaintiff reported Ms. Cavazos' discrimination conduct to the Human Resources Department. Plaintiff Elissa Castro informed human resources of Ms. Cavazos' harassment concerning Plaintiff's medical conditions and her constant bullying. The work tension and pressure were unbearable. Thereafter, Ms. Cavazos would continue to make the workplace hostile.

5.3 Plaintiff has been a victim of discrimination by her employer. Plaintiff's unlawful and discriminatory termination culminated on June 1st, 2020 on account of her age, and/or disabilities. Plaintiff is a qualified individual with a disability who either with or without a reasonable accommodation can perform the essential functions of her job duties. Plaintiff was perceived as and/or regarded as being disabled due to her record of impairment. Due to Plaintiff's age and disabilities, Plaintiff has been treated "as if she were an old dog that couldn't learn new tricks" and labeled as allegedly careless and unable to follow instructions.

5.4 Plaintiff was wrongfully terminated from her position by a management employee of the Defendant Centene Company of Texas, L.P. Plaintiff asserts that the true reason for her unceremonious termination after 5 years of loyal service was because she was discriminated against based upon her age and/or disabilities in violation of the Texas Commission on Human Rights Act ("TCHRA"). Plaintiff would show that at the time of her firing, she was (43; D.O.B.: 06-13-1977).

5.5 Plaintiff alleges that there was no legitimate business justification for her termination in that the Plaintiff had always performed an above satisfactory, if not exemplary job for the

Defendant Centene Company of Texas, L.P during her employment. Plaintiff further asserts and intends to prove that the mistreatment received by Defendant including but not limited to, age and/or disability discrimination (herniated disc, hypertension and diabetes), among other things, was part of a pattern and practice engaged in by the Defendant Centene Company of Texas, L.P towards the Plaintiff and others similarly situated.

## VI.
## Causes of Action - Wrongful Discharge

### A. Violations of the Texas Commission on Human Rights Act

6.1 Plaintiff re-alleges the allegations contained in Section VI, entitled *Factual Background*.

6.2 On or about June 1st, 2021, Plaintiff was unceremoniously terminated due to the culmination of discriminatory conduct directed against her by the Defendant employer. The Defendant employer discriminated against this Plaintiff and wrongfully terminated her because she exercised her statutory rights under Section 21.051 and Section 21.055 of the Texas Labor Code (Texas Commission on Human Rights Act). The Plaintiff alleges that her termination was part of a larger unwritten plan or scheme of the Defendant employer to discriminate against older, infirm long-term employees.

**Section 21.051 Discrimination by Employer**

An employer commits an unlawful employment practice if because of race, color, *disability,* religion, sex, national origin, or *age*, the employer:

1. ***Fails or refuses to hire*** an individual, ***discharges an individual, or discriminates in any other manner against the individual in connection*** with ***compensation or the terms, conditions, or privileges of employment***; or

    2.    ***Limits, segregates or classifies*** an employee or applicant for employment in a manner that would deprive or tend to deprive an ***individual of any employment opportunity or adversely affect in any other manner the status of the employee.***

(West 2017) (emphasis added).

**Section 21.055, Retaliation**

    An employer, labor union or employment agency commits an unlawful employment practice if the employer, labor union or employment agency ***retaliates*** or ***discriminates*** against a person who, under this Chapter:

    1.    ***Opposes discriminatory practice***;

    2.    Makes or files a charge;

    3.    Files a complaint; or

    4.    Testifies, assists or participates in any manner in an investigation, proceeding or hearing.

(West 2017) (emphasis added)

6.3 As a result of the discriminatory treatment, her ultimate termination and the acts described herein, Plaintiff has suffered damages as further alleged in this Petition.

## VII.
## Actual Damages

7.1 As a result of the incident made the basis of this suit, Plaintiff has incurred damages in the following respects:

**A.**    **Lost Earnings and Special Damages**

7.2 At the time of the incident complained of, Plaintiff was gainfully employed with the Defendant employer as a Service Coordinator for Centene Company of Texas, L.P. As a proximate result of the wrongful acts of the Defendant, the Plaintiff was unable to attend to her usual occupation and thereby suffered a loss of income for which she hereby sues. As a result of the wrongful acts of the Defendant employer, the Plaintiff's earnings, retirement, and capacity to

earn a livelihood were severely impaired.  In all reasonable probability, the Plaintiff's loss of earnings and loss of earning capacity will continue long into the future, if not for the balance of the Plaintiff's natural life.  Plaintiff therefore sues for any lost earnings in the form of back pay, lost wages, front pay, retirement benefits, fringe benefits, lost future earnings and/or diminished earning capacity to the extent permitted by law, due to the acts complained of above.

**B.    Past and Future Mental Anguish**

7.3 As a result of the incident described above, that is made the basis of this suit, Plaintiff has suffered physical injuries, sickness and/or illness as well as mental anguish, emotional distress, loss of enjoyment of life, inconvenience, pain and suffering, and other hedonic damages. Plaintiff has suffered feelings of anxiety, depression, restlessness, worthlessness, embarrassment, and/or inferiority. Plaintiff has further suffered ill-health effects including but not limited to sleeplessness, depression, anxiety, agitation and loss of self-esteem due to the defendant's discriminatory treatment towards her and in connection with her wrongful termination.  In all reasonable probability, Plaintiff will continue to suffer such mental anguish, emotional distress, loss of enjoyment of life, inconvenience, pain and suffering, and other hedonic damages for a long time into the future, if not for the balance of her natural life.

## VIII.
## Attorney's Fees

8.1 By reason of the allegations in this petition and should the Plaintiff be designated the "prevailing party", Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary.  In this connection, Plaintiff will show that she has employed the undersigned attorneys to assist her in the prosecution of this action.

8.2 Plaintiff further seeks an upward adjustment or enhancement to the lodestar amount of attorney's fees to be determined in the prosecution of this lawsuit. A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, plaintiff fully expects that the defendant will appeal this case.

8.3 Plaintiff seeks attorney's fees to compensate the Plaintiff for the attorney's fees she has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of associate attorneys, paralegals and/or law clerks that assist in the prosecution of the case. As permitted, Plaintiff also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

## IX.
## Exemplary Damages

9.1 The conduct of the Defendant employer, as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. Because of the spite, ill-will, malicious and fraudulent intent held by the Defendant Centene Company of Texas, L.P's management toward the Plaintiff, such management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to the Plaintiff. Accordingly, the Defendant Centene Company of Texas, L.P acted with malice, actual malice and/or a specific intent to injure the Plaintiff. The Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant Centene Company of Texas, L.P and its management in the future. Accordingly, Plaintiff requests that punitive damages be awarded against the Defendant Centene Company of Texas, L.P as a result of its egregious violations of the law.

X.
**Demand for Trial by Jury**

10.1 Plaintiff, by and through her attorney of record timely filed her Demand for Trial by Jury in the above styled and numbered cause. Contemporaneously with the filing of this jury demand, Plaintiff has deposited the required jury fee. Plaintiff requests that this case be set on the jury docket of the court for disposition in due order and as soon as practicable.

**WHEREFORE,** Plaintiff, **ELISSA CASTRO**, prays that this Honorable Court grant the following:

(1) Judgment against the Defendant employer, CENTENE COMPANY OF TEXAS, L.P, for all of the Plaintiff's damages. Plaintiff would respectfully request that should the jury after evaluating all of the credible evidence and after so finding liability based upon the preponderance of the credible evidence in this matter; then in such an event, and if also so found by the jury, Plaintiff would then request damages in line with the credible evidence presented that would fairly and reasonably compensate the Plaintiff for all of the harms and losses that she has sustained throughout this ordeal;

(2) Punitive damages;

(3) Attorney's fees;

(4) Pre-judgment interest allowed by law;

(5) Interest on said judgment at the legal rate from the date of judgment;

(6) For costs of suit herein; and

(7) For such other and further relief at law or in equity to which the Plaintiff may show herself justly entitled to receive and for which she shall forever pray.

Respectfully submitted,

The Law Office of Jose G. Gonzalez
4129 N. 22nd St., Ste 3
McAllen, Texas 78504
Phone: 956.731.4324
Facsimile: 956.731.4327
Hernandezjrlawfirm@yahoo.com
Carlos.hernandezjr@gmail.com

By: /s/ Carlos E. Hernandez, Jr.
Carlos E. Hernandez, Jr., Of Counsel
State Bar No. 00787681
Federal ID. 17022
*Attorneys for Plaintiff*
*Elissa Castro*

**CERTIFICATE OF CONFERENCE**

On November 5th, 2021, I Carlos E. Hernandez, Jr., spoke with Defense attorney, Danielle K. Herring, regarding the filing of Plaintiff Elissa Castro's First Amended Complaint. Ms. Herring advised me that her client is unopposed to the filing of this amended complaint.

*/s/ Carlos E. Hernandez, Jr.*
**Carlos E. Hernandez, Jr.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing instrument is being served upon all counsel of record via the court *CM/ECF* system and via electronic mail on November 5th, 2021

Danielle K. Herring
dherring@littler.com
Elizabeth L. Bolt
ebolt@littler.com
Littler Mendelson, P.C.
1301 McKinney Street
Suite 1900
Houston, Texas 77010

*/s/ Carlos E. Hernandez, Jr.*
Carlos E. Hernandez, Jr.